UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        NO. CR. S-06-285 LKK

    Plaintiff,

  v.

KEVIN GIFFORD                       O R D E R

    Defendant.

                                        /

The United States has brought a motion in limine relative to what it has characterized as the defendant's "alleged vigilante defense". There appears to be three potential avenues by which evidence concerning defendant's defense might be admitted: 1) justification, 2) public authority, and 3) the statutory exception in 18 U.S.C. § 2252(c).

Defendant has stated he is not presenting a statutory defense under 2252(c)(which is hardly surprising given that he would not be able to satisfy the required elements). Furthermore, the public authority defense should probably not be available to him for the simple reason that there has been no direct communication from law

enforcement to the defendant.[1]

Accordingly, defendant's option, if any, is to characterize the evidence as part of a "justification" or "choice of evils" defense.[2]

As an initial matter, defendant is correct when he states that there is a presumption that Congress legislates with an understanding of common law affirmative defenses. Thus, for example, all circuits to have considered the issue have found that there is a common law defense of justification available to felon-in-possession charges, even though the relevant statute is silent on the issue. See United States v. Mooney, 2007 WL 2231164 *5-*6 (4th Cir. 2007) ("It is well recognized Congress enacts criminal law against the preexistence of the common law. And it is equally clear that firmly entrenched in the common law is the justification

---

[1] The case cited by defendant, United States v. Jumah, 2007 WL 2231164 (4th Cir. 2007), recognized public authority as an affirmative defense to possession of controlled substances, but there, the defendant was formerly a confidential source for the DEA and he had communicated with a DEA officer. Accordingly, it was at least arguable that he was acting in reliance on the statements of a law enforcement officer.
    Here, defendant seems to argue that there were, in fact, governmental statements supporting citizens' efforts to catch online predators, but obviously none of these were specifically directed at the defendant individually. Rather, defendant argues that there were general statements by FBI officials endorsing the efforts of private citizens to go "under cover" to catch pedophiles. It would not appear to this court that a general call for cooperation would be sufficient, although the court must confess it is unable to find a case either way.

[2] The case law is not clear on the terminology and sometimes uses "necessity", "self-defense", "justification", "duress", "coercion", and "choice of evils" interchangeably.

defense.").

I thus conclude that the mere fact that a statute does not expressly provide for the defense of justification does not prevent its use. Here, the statute is somewhat different, however, because it is not actually silent with respect to all defenses: 2252(c) expressly sets forth a statutory defense. Nonetheless, it appears to this court that the specific enumeration of one defense has not eliminated reliance upon the other common law defenses, at least to the extent that a particular common law defense deals with a different situation than the statutory defense (e.g., vigilantism as opposed to public authority).

The question remains as to what constitutes a "justification" or "choice of evils" defense and if vigilantism should fall under that category. The only case cited by defendant is United States v. Roberts, 887 F.2d 534, 536 (5th Cir. 1989) There, the Fifth Circuit held that the district court erroneously excluded psychiatric evidence offered to support a vigilante defense to cocaine possession and importation. The court said that the testimony "would have corroborated [defendant's] claim that he did not intend to violate the law and that he was working alone to apprehend drug dealers." Id. At 536. The court concluded that this testimony might have negated an essential element of the crime charged, intent to distribute.[3]

---

[3] It appears to this court that the Fifth Circuit may have confused motive with intent, Be that as it may, it appears to be the only case the parties have found dealing with the particular issue.

1   Significantly, the court concluded that a vigilante defense would negate an essential element of the crime and, thus, would be a true affirmative defense.  Intent in that sense is equally significant in the case of possession with intent to distribute as charged by the government in the instant case.

6   In the Ninth Circuit, a necessity defense must permit the jury to conclude: "(1) that [the defendant] was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided, and (4) that there were no other legal alternatives to violating the law."  <u>United States v. Cervantes-Flores</u>, 421 F.3d 825 (9th Cir. 2005).

14  Here, assuming that the necessity standard applies at all, it is, to say the least, a close call whether defendant could make a prima facie showing.  There are serious questions about whether defendant acted to prevent harm, whether that harm was imminent, whether it was reasonable for him to believe that his conduct would thwart the criminal conduct of others, and whether there were other alternatives to violating the law.

21  Nevertheless, in perhaps an over-abundance of caution, the court will allow the evidence in, and will give an appropriate instruction on the defense.

24  IT IS SO ORDERED.

25  DATED: September 6, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT