UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

KEVIN GIFFORD

          Defendant.

         NO. CR. S-06-285 LKK

         O R D E R

/

The defendant has moved for reconsideration of this court's September 6, 2007 order granting the Government's motion in limine with regards to the defendant's public authority defense for Counts 1 and 2 of the superceding indictment. The court denies the motion in pertinent part.

**I. PROCEDURAL HISTORY**

The defendant has been charged with violations of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(a)(2). Additional counts of the indictment were dismissed on January 7, 2008.

In a September 6, 2007 order, the court granted the Government's motion in limine in part. Relevant to the instant

1 motion, the court held that the defendant was precluded from
2 presenting a "vigilante defense" for Counts 1 and 2, insofar as the
3 defense was based on a theory of public authority. The court based
4 its ruling on the fact that there had been no evidence of direct
5 communication between the defendant and law enforcement and that
6 law enforcement agencies' general calls for cooperation by citizens
7 did not suffice to establish this defense. The defendant now moves
8 for the court to reconsider this determination and hold that a jury
9 could find that the defendant was reasonable in relying on these
10 public calls for cooperation and a belief that he would not be
11 prosecuted for the actions he undertook. The defendant also asks
12 the court to reconsider that portion of its order that states that
13 under United States v. Roberts, 887 F.2d 534 (5th Cir. 1989) an
14 affirmative defense must negate an essential element of the
15 offense.

## II. STANDARD

17 "Under the 'law of the case' doctrine a court is generally
18 precluded from reconsidering an issue that has already been decided
19 by the same court, or a higher court in the identical case."
20 United States v. Alexander, 106 F.3d 874, 876 (9th Cir.
21 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert.
22 denied, 508 U.S. 951 (1993)). Although motions to reconsider are
23 directed to the sound discretion of the court, see Kern-Tulare
24 Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D.
25 Cal. 1986), aff'd in part and rev'd in part on other grounds, 824
26 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988),

2

considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

As with motions to alter or amend a judgment made pursuant to Fed. R. Civ. P. 59(a), motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect[] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

### III. ANALYSIS

Here, the defendant asks the court to reconsider its September 6, 2007 order on the basis that the defendant can now adduce evidence that the defendant reasonably relied on calls for

cooperation by law enforcement and believed that he would not be prosecuted for his conduct as a result. The court declines to reconsider its ruling on this basis.

The law appears to require that a necessary element of this defense is the defendant's communication with law enforcement prior to his engaging in "undercover" illegal activity. See <u>United States v. Jumah</u>, 2007 WL 2231164 (4th Cir. 2997); <u>United States v. Fulcher</u>, 250 F.3d 244, 252 (4th Cir. 2001); <u>United States v. Kuai Li</u>, 475 F. Supp. 2d 590, 592, n. 4 (E.D. Va. 2007).

The additional cases to which the defendant cites do not contradict this standard. In each of those cases, the issue before the courts was whether a non-law enforcement computer hacker was an agent of law enforcement for the purposes of the Fourth Amendment. See <u>United States v. Jarrett</u>, 338 F.3d 339 (4th Cir. 2003); <u>United States v. Steiger</u>, 318 F.3d 1039 (11th Cir. 2003); <u>United States v. Kline</u>, 2004 WL 2286354 (9th Cir. 2004). In each case, the court concluded that the hacker was not an agent of law enforcement for Fourth Amendment purposes, despite the hackers turning over data they uncovered to law enforcement. See <u>id.</u> It appears true that in each case the computer hacker had not communicated with law enforcement prior to retrieving data from the defendants' computers. See <u>id.</u> The defendant here argues that this fact indicates that in some instances, rather than prosecute the citizen as the Government is doing here, the Government relied on the data gathered by non-law enforcement citizens in order to prosecute others.

1  These cases are not particularly helpful for the present
2  issue. In each case, the courts were considering the narrow
3  question of whether a citizen who had no connection to law
4  enforcement before hacking into another person's computer was an
5  "agent of law enforcement," whose actions would implicate the
6  Fourth Amendment. The cases cited by the defendant offer no
7  instruction as to whether those hackers could have been prosecuted
8  for their actions, or whether they would have enjoyed a complete
9  defense on a "public authority" theory. In each case, the
10 Government's reliance on the data the hackers collected rather than
11 prosecution of them may indicate nothing more than the exercise of
12 prosecutorial discretion.
13     In sum, because the defendant has offered no evidence of his
14 communications with law enforcement prior to engaging in the
15 conduct for which he has been charged, his public authority defense
16 is not viable as a matter of law. The court concludes that its
17 holding in its September 6, 2007 should not be disrupted on this
18 issue. See Alexander, 106 F.3d at 876.
19     The court does grant the defendant's motion, however, to
20 reconsider its statement in its September 6, 2007 order that a
21 "true" affirmative defense is one that negates an element of the
22 offense. The court stated this in its discussion of United States
23 v. Roberts, 887 F.2d 534, 536 (5th Cir. 1989). The defendant is
24 correct, that this is a misstatement of Roberts and of Ninth
25 Circuit law. See, e.g., United States v. Bear, 439 F.3d 656, 570
26 (9th Cir. 2006); United States v. Batterjee, 361 F.3d 1201, 1218

5

1  (9th Cir. 2006). An affirmative defense need not negate an element
2  of the offense. Nonetheless, this correction does not disturb the
3  court's holdings in its September 6, 2007 order that: (1) the
4  public authority defense is not available to him, but (2) he may
5  present evidence of "choice of evils" defense.

### IV. CONCLUSION

For the reasons provided herein, the defendant's motion is GRANTED in part.

IT IS SO ORDERED.

DATED: January 14, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT